UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION,<br><br>and<br><br>AIRLINE PROFESSIONALS ASSOC. OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA AIR GROUP, INC,<br><br>and<br><br>HORIZON AIR INDUSTRIES, INC.<br><br>Defendants. | CASE NO. C17-1327-MJP<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND TO COMPEL AND GRANTING PLAINTIFFS' MOTION TO STAY |

THIS MATTER comes before the Court on Plaintiffs' Motion for a Protective Order and to Compel Initial Disclosures (Dkt. No. 33) and Motion to Stay Consideration of Defendants' Motion to Dismiss and for Relief from a Deadline (Dkt. No. 44). Having considered the

Motions, the Responses (Dkt. Nos. 39, 49), the Reply (Dkt. No. 46) and the related record, the Court GRANTS Plaintiffs' Motion for a Protective Order and to Compel Initial Disclosures and GRANTS Plaintiffs' Motion to Stay.

**Background**

Plaintiffs International Brotherhood of Teamsters ("IBT") and the Airline Professionals Association of the IBT, Local Union No. 1224 bring this action against Defendants Alaska Air Group ("AAG") and Horizon Air Industries, Inc. seeking declaratory and injunctive relief based upon Defendants' alleged violation of the terms of a 2016 Letter of Agreement ("LOA"). (Dkt. No. 1.) Plaintiffs allege that the LOA was negotiated in connection with AAG's purchase of thirty Embraer 175 regional jet aircraft and that it granted pilots for Horizon Air the exclusive right to fly the Embraer 175s. (Id.) Plaintiffs allege that Defendants have violated the terms of the LOA by allowing SkyWest pilots to operate the aircraft. (Id.)

Defendants filed a Motion to Dismiss the First Amended Complaint, claiming that any dispute as to the terms of the LOA is "minor" within the meaning of the IBT-Horizon Air Collective Bargaining Agreement and must therefore be resolved through binding arbitration. (Dkt. No. 16.) Plaintiffs requested leave to take expedited discovery to determine (1) whether Defendants violated the LOA and (2) if so, whether violation raises a "major dispute" such that this action is properly within the subject matter jurisdiction of the Court. (Dkt. Nos. 14, 21.) On November 2, 2017, the Court granted Plaintiffs' request and ordered Defendants to respond to Plaintiffs' First Set of Interrogatories and Requests for Production within 15 days (the "November 2 Order"). (Dkt. No. 32.)

Notwithstanding the Court's Order, Defendants have failed to produce either the requested discovery or its initial disclosures. (See Dkt. No. 33 at 4-5.)

| | |
|---|---|
| 1 | **Discussion** |
| 2 | **I. Motion to Compel** |
| 3 | Plaintiffs move to compel production of initial disclosures and responses to their |
| 4 | discovery requests. (See id.) Defendants appear to claim that their pending Motion to Dismiss |
| 5 | entitles them to withhold the requested discovery and to violate the clear terms of the Court's |
| 6 | November 2 Order. (See Dkt. No. 39 at 4-5; see also Dkt. No. 32.) This is untenable. It is well- |
| 7 | established that the Court may order discovery "where pertinent facts bearing on the question of |
| 8 | jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." |
| 9 | Laub v. United States Dept. of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation |
| 10 | omitted); see also Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. |
| 11 | 1977) ("[I]t is clear that a court may allow discovery to aid in determining whether it has in |
| 12 | personam or subject matter jurisdiction."). Here, the Court did precisely that. (Dkt. No. 32.) |
| 13 | Defendants' failure to comply with the unambiguous terms of the Court's November 2 Order is |
| 14 | unacceptable. Therefore, the Court GRANTS Plaintiffs' Motion to Compel. |
| 15 | **II. Motion for Protective Order** |
| 16 | Plaintiffs move for entry of a protective order to facilitate the timely production of |
| 17 | documents responsive to their discovery requests. (Dkt. No. 33.) While the parties agree on the |
| 18 | need for a protective order, they dispute the terms of the order. (See id.; see also Dkt. No. 39.) |
| 19 | In particular, the parties dispute whether a more restrictive "Attorney's Eyes Only" ("AEO") |
| 20 | designation is needed to protect against disclosure of confidential information to customers and |
| 21 | competitors of Embraer and AAG. (Dkt. No. 39 at 9-11.) The Court finds Defendants have not |
| 22 | demonstrated that an AEO designation is appropriate in this case. Under Fed. R. Civ. P. 26(c), a |
| 23 | party seeking a protective order bears a "heavy burden" of demonstrating that "disclosure will |
| 24 | |

1 cause a specific prejudice or harm." Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004) (internal citation and quotation marks omitted). Plaintiffs have proposed a protective order consistent with this Court's Model Stipulated Protective Order. The proposed order restricts the use of confidential information to this case only, and Plaintiffs have not indicated any intent to violate the order. (See Dkt. No. 34, Ex. A.) Defendants' claims that documents not designated AEO will be improperly disclosed or relied upon in other contexts are speculative and amount to "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." Rivera, 384 F.3d at 827. Therefore, the Court GRANTS Plaintiffs' Motion for a Protective Order, and orders the parties to enter the protective order proposed by Plaintiffs (Dkt. No. 34, Ex. A) or another mutually agreed upon protective order.

### III. Motion to Stay

Plaintiffs move to stay the Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint (Dkt. No. 27) pending Defendants' compliance with the Court's discovery orders. (Dkt. No. 44.) The Court has "broad discretionary power to stay proceedings in its own court." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). In determining whether a stay is warranted, the Court considers "the competing interests which will be affected," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Here, the Court finds that each of these factors favors entry of a stay. Without the requested discovery, Plaintiffs will be unable to respond to Defendants' jurisdictional

arguments. On the other hand, Defendants will suffer no prejudice in being required to produce the requested discovery and thereby *comply with an existing Court Order* before their motion is ruled upon. Therefore, the Court GRANTS Plaintiffs' Motion to Stay Consideration of Defendants' Motion to Dismiss.

**Conclusion**

The Court GRANTS Plaintiffs' Motion for a Protective Order and to Compel Initial Disclosures and rules as follows:

1. The Parties are ORDERED to enter the protective order proposed by Plaintiffs (Dkt. No. 34, Ex. A) or another mutually agreed upon protective order within two (2) days, and to provide the Court with notice that they have done so. The protective order shall provide for Attorney Eyes Only ("AEO") designation only upon agreement of the Parties.

2. Defendants are ORDERED to produce the requested discovery identified in the Court's November 2 Order (Dkt. No. 32) within two (2) days of the date of this Order. If Defendants fail to comply, the Court will issue an Order to Show Cause as to why Defendants should not be held in contempt, and Defendants should be prepared to respond.

3. The Court GRANTS Plaintiffs' request for attorneys' fees and costs associated with bringing this Motion, and ORDERS Plaintiffs to produce a calculation of those fees and costs they claim are recoverable within five (5) days of the date of this Order.

The Court GRANTS Plaintiffs' Motion to Stay Consideration of Defendants' Motion to Dismiss and Relief from a Deadline, and rules as follows:

1. The Court's consideration of and ruling on Defendants' Motion to Dismiss the First Amended Complaint is hereby stayed pending Defendant AAG's response to Plaintiffs' expedited discovery requests.
2. Plaintiffs may file a supplemental response, and Defendants may file a supplemental reply, with a briefing schedule to be determined by the Court once the stay is lifted.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 5, 2017.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge